UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH ADRIAN FULLER,

    Plaintiff,

v.

KAREN THOMPSON, et al.,

    Defendants.

Case No. 22-cv-03802-YGR (PR)

**ORDER OF DISMISSAL**

## I. INTRODUCTION

Plaintiff, who was formerly in custody at the Sonoma County Main Jail,[1] filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has paid the full filing fee. Dkt. 6.

Plaintiff seeks injunctive and declaratory relief as well as monetary and punitive damages. Plaintiff also requests appointment of counsel. Dkt. 1 at 3.[2]

The Court now reviews plaintiff's complaint pursuant to 28 U.S.C. §1915. For the reasons set forth below, the Court DISMISSES the complaint.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

---

[1] The Court notes that plaintiff has since been released from jail because he filed a Notice of Change of Address on November 17, 2022, in which he provides his new address in Petaluma, California. *See* Dkt. 11.

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by plaintiff.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

#### 1. Background

At the time plaintiff filed this action on June 29, 2022, he was incarcerated at the Sonoma County Main Jail. Dkt. 1 at 1. Plaintiff's complaint is handwritten, and the Court had difficulty deciphering his handwriting. From what the Court could decipher, this action does not involve plaintiff's challenge to the conditions of his confinement. Instead, his complaint for injunctive/ declaratory relief and monetary damages asserts numerous claims about the criminal case against him.

It seems that on May 28, 2019, plaintiff, who was in custody at the jail, had faced unspecified misdemeanor charges in the Sonoma County Superior Court, but the judge denied plaintiff's request to represent himself. *Id.* at 5. Sometime in late 2019 or early 2020, plaintiff "posted bond and bailed out [of jail]." *Id.* at 19. It was not until March 2022 (after many court proceedings involving plaintiff's mental competency and also, presumably, due to delays caused by the pandemic) that the judge granted plaintiff's request to represent himself. *Id.* at 23. However, on June 6, 2022, plaintiff claims that the judge "suspended criminal proceedings to obtain another psychiatric evaluation." *Id.* at 26-27. Thus, plaintiff claims that he filed this action against Sonoma County Judges Jamie Thistlethwaite, Mark Urioste, Brad DeMeo, Shelly Averill, Karlene Navarro, and Robert LaForge for "intentionally, willfully, [and] maliciously abus[ing] Penal Code 1368 to instruct this plaintiff from exercising his constitutional right to represent himself pursuant to *Far[]etta v. California*." *Id.* at 27-28 (brackets added). Plaintiff also names the following as defendants: Sonoma County Public Defenders Karen Thompson, Scott Roberts, Lynn Stark-Slater, and Christine Brady; and Sonoma County Psychologists Drs. Correa and Doty. *Id.* at 2, 4. Plaintiff claims that these aforementioned defendants "willfully, intentionally and maliciously did collude [to] conspire [and] act in concert with the [above-named judges] acting

under color of law . . . to deprive plaintiff of 'adequate access to the courts' in violation of the First and 14th Amendments of the U.S. Constitution." *Id.* at 2-3 (brackets added).

### 2. Analysis of Claims Relating to Criminal Case Against Plaintiff

#### a. *Younger* Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Requests for declaratory relief that would interfere with ongoing state criminal proceedings are subject to the same restrictions that govern requests for injunctive relief. *See Samuels v. Mackell*, 401 U.S. 66, 71–74 (1971); *Perez v. Ledesma*, 401 U.S. 82, 86 n. 2 (1971).

*Younger* requires that federal courts refrain from enjoining or otherwise interfering with ongoing state criminal proceedings where three conditions are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the plaintiff has the opportunity to raise his federal constitutional concerns in the ongoing proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of Superior Court of State of Cal. For County of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994).

Here, all three prongs of the abstention test are met. First, the state criminal proceedings seem still to be ongoing in the Sonoma County Superior Court. Second, the criminal prosecution involves important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing *Younger*, 401 U.S. at 44-45). Third, plaintiff can present his claims in the state trial and appellate courts.[3]

---

[3] A fourth requirement has also been articulated by the Ninth Circuit: that "the federal court action would enjoin the state proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). That requirement is satisfied because the relief sought by plaintiff—including various requests for injunctive relief involving this Court directing state court judges to allow plaintiff to represent himself in state court—plainly would interfere with the state criminal case in a way that *Younger* disapproves. *See* Dkt. 1 at 31-32.

3

Even when the three-pronged test is satisfied, however, a party may avoid application of the abstention doctrine if he can show that he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of the state in prosecuting him, or that the state tribunal is biased against the federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124–25 (1975); *Younger*, 401 U.S. at 46. Here, plaintiff does not make any plausible non-conclusory allegation of irreparable harm, bad faith, harassment, or bias of the tribunal. *See generally Younger*, 401 U.S. at 46, 53–54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention). The *Younger* factors weigh strongly against interfering with California's criminal justice system. *Younger* abstention is warranted. *See Juidice v. Vail*, 430 U.S. 327, 348 (1977) (where a district court finds *Younger* abstention appropriate, the court may not retain jurisdiction and should dismiss the action). Therefore, this action must be DISMISSED for this reason as to plaintiff's claims for injunctive and declaratory relief.

### b. Other Bars to Relief

In addition, there are bars to plaintiff's claims for monetary damages regarding the criminal proceedings.

#### 1) Official Capacity Claims

Plaintiff has sued all named defendants individually and in their official capacities seeking monetary relief. Dkt. 1 at 4. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Unless waived, the Eleventh Amendment bars a federal court award of damages against a state, state agency, or state official sued in an official capacity. *Id.* at 169. As there has been no waiver here, plaintiff's claims against the named defendants in their official capacities for monetary damages is DISMISSED with prejudice.

#### 2) Individual Capacity Claims

Plaintiff's claims against the Sonoma County judges must be dismissed because they have absolute judicial immunity for the acts alleged in the complaint. The allegations concern decisions

4

these judges have made in presiding over plaintiff's criminal case and those were acts performed in their judicial capacities. *See Pierson v. Ray,* 386 U.S. 547, 553-55 (1967).

A claim for relief under section 1983 is not stated against plaintiff's public defenders for their allegedly deficient representation of plaintiff because none of them are state actors. State court criminal defendants cannot sue their lawyers in federal court under 42 U.S.C. § 1983 for most lawyer-type mistakes. A public defender does not act under color of state law, an essential element of a claim under section 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments, or even in the initial representation to determine a client's mental competency (such as in this action). *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981).

Furthermore, the court-appointed doctors/psychologists who examined plaintiff have absolute immunity for the alleged perjury in their statements to the superior court. A witness is absolutely immune from liability for his testimony in earlier state or federal court proceedings even if he committed perjury. *See Briscoe v. LaHue*, 460 U.S. 325, 329-46 (1983) (police officer witness at trial); *Holt v. Castaneda*, 832 F.2d 123, 127 (9th Cir. 1987) (police officer witness at probable cause hearing); *Burns v. County of King*, 883 F.2d 819 (9th Cir. 1989) (social worker preparing affidavit for use at bail revocation proceeding).

### III. CONCLUSION

For the reasons set forth above, this action is DISMISSED because *Younger* abstention is warranted as to plaintiff's claims for injunctive and declaratory relief.

The Court DISMISSES without leave to amend all claims for monetary damages against the Sonoma County judges, the public defenders, and the court-appointed doctors/psychologists. The Court also DISMISSES without leave to amend the claims for monetary damages against state officials acting in their official capacity. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

Further, the Court CERTIFIES that any *in forma pauperis* ("IFP") appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

Plaintiff's request for appointment of counsel is DENIED as moot. Dkt. 1 at 3.

The Clerk of the Court shall close the file.

IT IS SO ORDERED.

Dated: January 5, 2023

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge